# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MATTHEW SCOT CARTEAUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:16-CV-245-TLS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Plaintiff, Matthew Scot Carteaux, seeks review of the final decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits (DIB). The Plaintiff claims that he would be unable to maintain substantial gainful employment due to limitations brought about by various physical impairments.

## PROCEDURAL HISTORY

The Plaintiff applied for Social Security Disability Insurance on November 7, 2014, alleging he became disabled on March 28, 2013, due to a sustained, consistent and arduous work history, including several years of active military service. The Plaintiff's application was denied initially and upon reconsideration. On September 24, 2015, an administrative law judge (ALJ) held a hearing on the Plaintiff's application. On January 28, 2016, the ALJ issued a holding that the Plaintiff was not entitled to benefits because he was not disabled under the relevant provisions of the Social Security Act. On February 5, 2016, the Plaintiff challenged the ALJ's decision by timely filing a request of hearing with the Appeal's Council. On April 26, 2016, the Appeals Council denied review of the ALJ's decision, thereby making the ALJ's decision the

final decision of the Commissioner. The Plaintiff subsequently filed suit under 42 U.S.C. § 405(g) and § 1383(c)(3).

## THE ALJ's HOLDING

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since March 28, 2013, the alleged onset date. (R. 20.) The Plaintiff worked after the alleged disability onset date, but the work activity did not rise to the level of substantial gainful activity. (*Id.*) The Plaintiff had income in 2013 and 2014 but testified that he was placed on light duty by the military on the alleged onset date. (*Id.*)

In step two, the ALJ determines whether the claimant has a severe impairment limiting the ability to do basic work activities under § 404.1520(c). Here, the ALJ concluded that the Plaintiff's impairments included headaches, degenerative disease of the lumbar spine, degenerative changes of the cervical spine with mild right radiculopathy, and insomnia. (*Id.*) The ALJ noted that the Plaintiff's medically determinable mental impairment of PTSD does not cause more than a minimal limitation in the claimant's ability to perform basic mental work

activities and is, therefore, nonsevere. The ALJ also noted the Plaintiff's military records reflected a mild traumatic brain injury in 2013 but that the injury should not result in residuals two years from injury. (*Id.*)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, he earns a presumption of disability "without considering [his] age, education, and work experience." § 404.1520(d). But, if the impairment(s), either singly or in combination, falls short, an ALJ must move to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things he can still do physically, despite his limitations—to determine whether he can perform this "past relevant work," § 404.1520(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 404.1520(a)(4)(v).

In the case at hand, the ALJ found that the Plaintiff has maintained a fairly to somewhat very active lifestyle since his injury, including activities such as fishing and playing video games with friends, attending community college, and doing light household chores. (R. 25.) The ALJ noted that the Plaintiff testified that he goes to class for 20 hours per week and does approximately 10 hours of homework, on top of driving back and forth to school and caring for his dog. (*Id.*) The ALJ found that there is no persuasive evidence, such as documentation from the school, that the Plaintiff has accommodation, as suggested by the Plaintiff at the hearing. (*Id.*) The ALJ also noted that the Plaintiff reported that he was actively looking for work as of February 2015, indicating at least a subjective belief that he is capable of employment. (*Id.*) The ALJ also found that the Plaintiff's reports regarding his level of impairment are not entirely

3

consistent with the mild objective findings and inconsistent with reported symptoms of his impairments. (*Id.*)

The ALJ gave little weight to the VA service connected rating, which initially was set at 80%, and later increased to 90%.[1] (*Id.*) The ALJ noted that the VA rating does not establish a disability within the definition of disability as set forth in the Act, nor does it establish specific limitations of function as is required in a residual functional capacity. (*Id.*) The ALJ noted that 20 C.F.R. 404.1504 provides that another governmental agency's determination regarding disability is not binding on the Social Security Administration (*Id.*) Rather, a finding of "disability" by the Social Security Administration must be based upon social security law, not another agency's rule, procedures, or laws.

The ALJ gave partial weight to the statement provided by Lora E. Carteaux, the Plaintiff's mother. The ALJ found that the Plaintiff's mother lacks the experience necessary to evaluate the Plaintiff's lifting capacity, and the ALJ noted that the Plaintiff's mother reported no issues with postural maneuvers, walking, or sitting. (*Id.*)

The ALJ also assessed the opinions of the State agency medical consultants, M. Brill, M.D., and Joshua Eskonen, D.O., giving their opinions great weight. The ALJ noted that they accounted for the Plaintiff's demonstrated history of cervical surgery and his reported problems with reaching and other postural maneuvers. (*Id.*) The ALJ noted that they found that the Plaintiff's insomnia is reflected in the light residual functional capacity as well as additional safety precautions. The ALJ gave great weight to the opinions of the State agency psychological consultants, who found the Plaintiff's mental impairment to be nonsevere, which is consistent

---

[1] The parties have noted that the ALJ wrote in the opinion that the VA determination had an initial rating of 70%, not 80%, and that this was a typo.

with consultative examiner Dr. Andrew Miller's findings and the Plaintiff's lack of psychological treatment. (*Id.*)

The ALJ found, in sum, that the residual functional capacity assessment is supported by the mild and inconsistent findings established through the Plaintiff's course of treatment, and his continued, active daily life, which included employment on light duty by the Army until November 2014, applying for jobs after his discharge, and current enrollment in community college. (*Id.*) The ALJ found that the Plaintiff did not meet his burden to establish greater limitations through the record. (*Id.*)

## DISCUSSION

The Plaintiff argues that the ALJ improperly considered the VA service connected ratings. The Plaintiff argues that the ALJ spent only a paragraph explaining the lack of weight given to the ratings, and did not discuss the multitude of impairments the VA ratings addressed. The Defendant argues that the ALJ correctly stated that he gave the VA ratings little weight. The Defendant further argues that the paragraph the ALJ wrote discussing why the VA ratings were given little weight is sufficient. (R. 25.) The Defendant argues that the ALJ noted that the VA initially found the Plaintiff had a "service connected" disability rating of 80% (although the ALJ mistakenly wrote 70%) and that the rating was later increased to 90%. (R. 25, 779–80.) The Defendant argues that the VA ratings did not establish disability as defined by the Social Security Act, and, specifically, that the VA process does not require the determination of specific functional limitations. (R. 25, 777–82.) The Defendant notes that the VA rating records indicate impairments such as a painful scar, knee pain, and insomnia, with very few references to actual functional limitations. The Defendant argues that there is no question that the ALJ assigned

5

weight to the VA determination and explained why, and therefore, his treatment of the VA benefit decision was appropriate.

"Determinations of disability by other agencies do not bind the Social Security Administration." *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006). Thus, determinations by the Department of Veterans Affairs are not binding because the VA requires less proof of disability than the Social Security Administration does. But the Seventh Circuit has said that the SSA should give the VA's determination of disability "some weight." *Id.* (citing *Davel v. Sullivan*, 902 F.2d 559, 560–61 n.1 (7th Cir.1990)). "[T]he Secretary is by no means required to acquiesce in the VA's conclusion." *Davel*, 902 at 561 n.1.

Here, the ALJ considered the VA's rating, but disagreed with it, giving it "little weight." The VA rated multiple impairments, including lumbosacral degenerative disease and intervertebral disk syndrome at 20% (R. 780); right (dominant) upper extremity radiculopathy at 20% (*Id.*); left upper (non-dominant) upper extremity radiculopathy at 20% (*Id.*); residual painful scar at 10% (*Id.* at 777); cervical spondylosis and intervertebral disk syndrome at 40% (*Id.* at 780); left knee arthritis secondary to Lyme disease at 10% (*Id.* at 777); right knee arthritis secondary to Lyme disease at 10% (*Id.*); and insomnia disorder at 30% (*Id.* at 732). The Defendant is correct that the ALJ wrote a paragraph explaining the weight determination of the VA ratings. But a paragraph is insufficient here because of the number of impairments the VA assessed and the presumption that the VA ratings should be given "some weight," unless substantial evidence does not support the finding. Furthermore, the ALJ also wrote that the initial VA rating was 70%, not 80%. The lack of a clear record produced by the ALJ on the weight given to the VA service connected ratings requires remand.

Accordingly, the Court finds that the ALJ did not adequately consider the VA ratings. Because the Court has concluded that the ALJ erred, the Court does not reach the Plaintiff's other arguments. On remand, the ALJ must explain the consideration given to the VA ratings, and discuss in detail why the agency's decision regarding each of the impairments evaluated is not supported by substantial evidence if the record does not otherwise support it.

## CONCLUSION

For the reasons stated above, the Court REVERSES the Commissioner's decision and REMANDS the decision to the ALJ for further proceedings consistent with this Opinion.

SO ORDERED on August 28, 2017

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT